# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

JON VAUPEL, Murphy Wamala, Mario Jean-Baptiste, Khalid Agina, Le Man, Hung Tran, Khalid Wahab, Tran Loi, Stanley Harmon, Chinh Nguyen, Alfredo Farinas-Perez, Igor Margatskiy, Gerald Nkwanga, Francis Johnson, Kwabena Essuman, Anerobi Ngwabe, O'Neil Stewart, Gerald Remy, Riziki Temu, Jose Zamorano, Arben Kola, Rovey Morm, Benad Abiodun, Franciso Banal-Martinez, Roy Berko, Vakhom Xayamoungkhoun, Yemane Haile, Christopher Lukanga, and All Unknown ICE Detainees present and future (Hereinafter Petitioners)

        Petitioners,

v.

**ALBERTO R. GONZALES,**
United States Attorney General,

**MICHAEL CHERTOFF,**
Secretary of Homeland Security,

**DOUGLAS MAURER,**
USICE Field Office Director
For Colorado,

**FREDRICK WEGENER**
Sheriff of Park County,

**LT. DANIEL MULDOON**
Park County Detention Center Administrator

        Respondents,

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**NOV 1 5 2006**

GREGORY C. LANGHAM
          CLERK

CASE NUMBER

**06-CV-02241-BNB**

---

## MOTION FOR RECONSIDERATION OF THIS COURTS ORDER OF NOVEMBER 8, 2006, AND MOTION FOR APPOINTMENT OF INTERIM COUNSEL

**COMES NOW** Plaintiff/Petitioner Jon Vaupel, including all captioned Petitioners, including all present and future unknown Petitioners, proceeding Pro Se hereby before this Honorable District Court, files this **"Motion for Reconsideration of this Courts Order of November 8, 2006, and Motion for**

1

**Appointment of Interim Counsel"** respectfully requesting the Honorable Court to reconsider its order of November 8, 2006, ordering Petitioner Vaupel to pursue ONLY his claims for relief in this action, and upon doing so, appointing the Petitioners Interim Counsel pending Certification of this Class Action until discovery required for Certification can be completed and Permanent Counsel is retained and appointed by this Court in compliance with Fed. R. Civ. P 23 (g).

In support of this Motion for Reconsideration and Appointment of Interim Counsel, the Petitioners state as follows:

## I BACKGROUND

On October 30, 2006, Petitioner Vaupel including all captioned Petitioners and those unknown at present and in the future who are or may become housed at the Park County Detention Center filed before this Honorable District Court their Class Action Petition for Preliminary and Permanent Injunctive Relief requesting this Court to remedy the wrongful acts of both ICE Officers and the Park County Detention Center Administrators toward all ICE Detainees in violation of the United States Immigration and Customs Enforcement Detention Standards.

On November 8, 2006, the Petitioners file before this court a Notice of Action by the Respondents, therefore informing this Honorable Court of the systematic removal of ICE Detainees from the Park County Detention Center being that 13 ICE Detainees were remove back to the GEO/ICE Detention Center on Tuesday October 31, 2006, followed by another 6 on Wednesday November 1, 2006, and then followed by another 10 on Friday November 3, 2006.

On November 8, 2006, the Honorable Magistrate Judge Boyd Boland issued orders **(1)** instructing the Petitioners to cure filing deficiencies within this case **(2)** that the Clerk of the Court be directed to commence a Civil Action and **(3)** that Petitioner Vaupel pursue ONLY his own claims for relief in this action.

On Thursday, November 9, 2006, ICE came to the Park County Detention Center and removed another 14 ICE Detainees from the Park County Center back

to the ICE Detention Facility in Aurora Colorado, leaving behind only 8 Petitioners including **Lead** Petitioner Vaupel followed by captioned Petitioners Wamala, Nguyen, Margatskiy, Essuman, Remy, Abiodun and Haile, however ICE did also return NON captioned Petitioner's Quoc Bui and Hanady Sy-Ousmane to the Park County Detention Center from the ICE Detention Center in Aurora Colorado.

Now on November 14, 2006, the Petitioners file this Motion for Reconsideration of its Orders of November 8, 2006, and Motion for Appointment of Interim Class Counsel pursuant to Rule 23(g) and by doing so, the Petitioners are requesting that this Honorable Court amend its order requiring Petitioner Vaupel pursue only his own claims and therefore converting this action back to a Class Action case on behalf of all ICE Detainees and as all Petitioners are incarcerated and unrepresented, they request this Court to appoint them Interim Class Counsel to represent them in this matter.

## II ARGUMENT

Firstly Petitioner Vaupel would respectfully and sincerely apologize to this Honorable Court for any misunderstanding he may have been conveyed to this Court in this Class Action Petition for Preliminary and Permanent Injunctive Relief.

### A. Request for Reconsideration of this Action as a CLASS ACTION SUIT

Petitioner Vaupel categorically claims, that at **NO** point, was it ever his intention to attempt to represent (as Counsel) all other named and unknown Petitioners in this action but rather was serving as **ONLY** the author and **LEAD** Petitioner, though Petitioner Vaupel does possess a background in law, he is in **NO** position to and **DOES NOT** possess the capabilities or resources to Legally represent all possible petitioners in a Class Action of this complexity, besides the fact that Petitioner Vaupel is Pro Se and therefore **CAN NOT** represent other Pro Se Petitioners pursuant to 28 USC § 1654 as noted by the Court, but rather is respectfully requesting this Court find that all Petitioners have substantial

3

meritorious claims and therefore retain the substantial basis to allow this case to proceed as a Class Action with this Honorable Court eventually Certifying this Class and appointing Class Counsel as required by Rule 23 (g).

For this reason, Petitioner Vaupel sincerely apologizes to this Court for the misunderstanding and requests this Court to NOTE that he has altered the Caption of this Class Action Petition removing any reference to the word "Representing" and therefore requests this Court to substitute the original Caption Page (page 5) with the new altered replacement Caption page **(attached)** therefore reconsidering its order of November 8, 2006, subsequently allowing this case to proceed as a Class Action Petition as originally intended by ALL the Petitioners.

## B. <u>Request for the Appointment of Interim Counsel</u>

Through this Motion for the Appointment of Interim Counsel the Petitioners respectfully request this Honorable Court to appointment them interim counsel for the purposes of discovery pending the Court's Certification of this Class Action.

In accordance with amended Rule 23(c)(1)(B) and new Rule 23(g), effective December 1, 2003, a court certifying a class must appoint class counsel. Fed. R. Civ. P. 23(c)(1)(B), 23(g). The new Rule 23(g) provides:

**(g)** Class Counsel.

   **(1)** Appointing Class Counsel.

      **(A)** Unless a statute provides otherwise, a court that certifies a class must appoint class counsel.

      **(B)** An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.

      **(C)** In appointing class counsel, the court

         **(i)** must consider:

            . the work counsel has done in identifying or investigating potential claims in the action,
            . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
            . counsel's knowledge of the applicable law, and

4

> . the resources counsel will commit to representing the class;
>
> **(ii)** may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
>
> **(iii)** may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and
>
> **(iv)** may make further orders in connection with the appointment.
>
> **(2)** Appointment Procedure.
>
> **(A)** The court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action.
>
> **(B)** When there is one applicant for appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1)(B),
>
> **(C)** If more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class, and
>
> **(D)** The order appointing class counsel may include provisions about the award of attorney fees or nontaxable costs under Rule 23(h).
> Fed. R. Civ. P. 23(g).

In the "Advisory Committee's Notes" for Rule 23; 2003 Amendments; subsection (g); Paragraph (2)(A); it clearly states that this Court is authorized to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class.

It further states that Rule 23(c)(1)(B) directs that the order certifying the class MUST also include an order for Appointment of Class Counsel. However before Class Certification can take place, it is usually important for an attorney to take action to prepare for the Class Certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination.

Furthermore it also points out that it may also be important to make and respond to motions before certification and that Settlement may also be discussed before certification. Ordinarily, such work is handled by the lawyer who filed the action,

5

however, in some cases, certain issues or uncertainty MAKES the formal designation of Interim Counsel very appropriate.

Therefore Rule 23 (g)(2)(A) authorizes this Court to designate interim counsel to act on behalf of the putative class before the certification decision is made.

Furthermore, the "Advisory Committee Note's", 2003 Amendments; subsection (g); Paragraph (1)(C); in the last paragraph clearly states that if, after review of all applicants, the court concluded that none would be satisfactory class counsel, it may deny class certification, reject all applications, recommend that an application be modified, invite new applications, **or make any other appropriate order regarding appointment of Class Counsel**. (Emphasis Added)

The inclusion of this statement appears to intend to give this court wide ranging powers including the appointment of interim counsel to represent ALL Petitioners in this Class Action for discovery purposes along with making and responding to necessary motions before the Class Action reaches the Class Certification stage, therefore on this basis, the Petitioners would respectfully request this Honorable Court to exercise these powers within its scope and jurisdiction and in doing so appointing all Petitioners of this Class Action Petition interim Counsel pursuant to Rule 23 (g)(2)(A), pending Class Certification in this matter.

Finally in the case or *Riley v. INS, 310 F.3d 1253, 2002 U.S. App. LEXIS 23015 (10th Cir. Colo., 2002)*, the Tenth Circuit here determined that as *Riley* had filed a Pro Se Appeal from the denial of his Habeas Petition by the District Court, the fact that *Riley* was acting Pro Se in a difficult case warranted Appointment of Counsel to assist *Riley* in Appeal, therefore using this case as a basis, ALL Petitioners acting Pro Se in this difficult Class Action Petition also believe that Appointment of Interim Class Counsel is also warranted given the nature of this action, the number of claims, the number of Petitioners, and the complexity and class administrative issues involved in an action of this type, therefore respectfully

6

request this Honorable Court Appointment them Interim Class Counsel pursuant to Rule 23 (g)(2)(A) pending Certification of this Class Case.

## C. <u>Legal Facts in Establishing Necessity for Appointment of Interim Counsel</u>

The Petitioners as a whole will now demonstrate to this Honorable Court that the factual allegations along with the procedural requirements, have been established as required by the Class Action Prerequisite of their case, therefore on this basis the Petitioners believe they have demonstrated the merits of their case therefore warranting the Appointment of Interim Counsel pending the Certification of this Class Action.

### 1. <u>Standard of the Review</u>

The principal purpose of class actions is to achieve efficiency and economy of litigation, both with respect to the parties and the courts. *See* <u>General Telephone Co. v. Falcon</u>, *457 U.S. 147, 159, 155, 72 L. Ed. 2d 740, 102 S. Ct. 2364 (1982).* The Supreme Court has observed that, as an exception to the usual rule that litigation is conducted by and on behalf of individual named parties, "<u>class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.</u>'" Id. at 155 (quoting <u>Califano v. Yamasaki</u>, *442 U.S. 682, 700-01, 61 L. Ed. 2d 176, 99 S. Ct. 2545 (1979)).*

The Court directs that, before certifying a class, district courts must conduct a "rigorous analysis" of the prerequisites of Rule 23 of the Federal Rules of Civil Procedure. *Falcon, 457 U.S. at 161.* The Sixth Circuit has stated that district courts have broad discretion in deciding whether to certify a class, but that courts must exercise that discretion within the framework of Rule 23. *Coleman, 296 F.3d at 446;* In re <u>American Medical Systems, Inc.</u>, *75 F.3d 1069, 1079 (6th Cir. 1996).*

Although a court considering class certification may not inquire into the merits of the underlying claim, <u>Eisen v. Carlisle & Jacquelin</u>, *417 U.S. 156, 178, 40 L. Ed. 2d 732, 94 S. Ct. 2140 (1974),* a class action may not be certified merely on the

basis of its designation as such in the pleadings, and "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Falcon, 457 U.S. at 160*; see also *American Medical Systems, 75 F.3d at 1079; Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6th Cir. 1974).*

Moreover, the party seeking class certification bears the burden of establishing its right to class certification. See *Alkire v. Irving, 330 F.3d 802, 820 (6th Cir. 2003); Senter v. General Motors Corp., 532 F.2d 511, 522 (6th Cir. 1976), cert. denied, 429 U.S. 870, 50 L. Ed. 2d 150, 97 S. Ct. 182 (1976).*

The party seeking class certification must first meet all four prerequisites of Rule 23(a)--numerosity, commonality, typicality, and adequacy of representation--before a class can be certified. **Fed. R. Civ. P. 23(a)**; *American Medical Systems, 75 F.3d at 1079.* "Once those conditions are satisfied, the party seeking certification must also demonstrate that it falls within at least one of the subcategories of Rule 23(b)." *American Medical Systems, 75 F.3d at 1079* **(emphasis in the original).**

The court MUST consider each of the Rule 23(a) requirements in turn. Accordingly, the Court can use the following analysis of the Rule 23(a) factors, furthermore as amended effective December 1, 2003, an order certifying a class action must not only define the class and class claims, issues, or defenses, but also appoint class counsel under Rule 23(g). Fed. R. Civ. P.23(c)(1)(B), 23(g).

## 2. Rule 23(a) Analysis

### A. Rule 23(a)(1): Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." In *Senter*, the Sixth Circuit explained that there is "no specific number below which class action relief is automatically precluded" and certainly that it is the circumstances of this case, there is not a strict numerical test that determines impracticability of joinder. *Senter, 532 F.2d at 523 n.24.*

8

The Petitioner's allege that they meet the numerosity requirement based on the fact that the number of ICE Detainees housed at the Park County Detention Center is continually revolving and therefore is so numerous plus the fact that the identities of all ICE Detainees that MAY be housed at the Park County Detention Center can NEVER be known therefore joinder is not only impracticable but also impossible.

Therefore on this basis the Petitioner's firmly believe that they have established that their proposed class is sufficiently numerous and unknown to be impracticable for joinder. Furthermore, the Defendant's CAN NOT dispute numerosity here. The numerosity requirement is satisfied.

### 2. Rule 23(a)(2): Commonality

The Petitioner's must also show that "there are questions of law or fact common to the class" under Rule 23(a)(2). A leading treatise characterizes the commonality prerequisite as correlative with the numerosity prerequisite and has designated the two together as the conceptual basis of whether a matter is properly adjudicated using the class action device. See *Alba Conte & Herbert Newberg, Newberg on Class Actions § 3:10 (4th ed. 2003)* (hereinafter "*Newberg*").

The Sixth Circuit has characterized this commonality requirement as "qualitative rather than quantitative" and observed that there need be only one issue common to all members of the class. *American Medical Systems, Inc., 75 F.3d at 1080* (citing *Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 3:10 (3d ed. 1992)*). Therefore the Court MUST observed that every common issue will satisfy this requirement, and to do so, the common issue MUST be able to be resolved by the same resolution in order for the Class Case to be able to advance to litigation. *Sprague v. General Motors Corporation, 133 F.3d 388, 397 (6th Cir. 1998), cert. denied, 524 U.S. 923, 141 L. Ed. 2d 170, 118 S. Ct. 2312 (1998).*

The representative Petitioner's argue that there are questions of law and fact common to the entire class that predominate over questions affecting only

9

individual members of the class. The Petitioner's also assert that there are NO individual issues on the question of liability.

Specifically, the Petitioner's identify **twelve** legal and factual issues, with each including numerous sub issues, that are common to each proposed class member as follows: **(1)** whether all ICE Detainees denial of access to legal materials and resources constitutes denial of access to the Courts and therefore in violation of due process as protected by the Fifth Amendment; **(2)** whether ICE Detainees denial of access to adequate Medical Treatment and special medical care is Statutorily and Constitutionally permissible; **(3)** if there is violations of the ICE Detention Standard regarding ICE Detainees telephone access, whether it is significant to a sufficient degree to indicate violations of their Constitutionally protected rights; **(4)** is there adequate incoming and outgoing correspondence procedures, whether it is demonstrated that the systematic opening and reading of all outgoing mail is a Statutory and Constitutional violation, whether all the ICE Detention Standards are being met regarding indigent mail and supplies; **(5)** if all the admission and release procedures are being met, whether the ICE Detainees are being prejudiced by Park County in not receiving required hygiene products or the use of an effective Orientation Program; **(6)** if there is a sufficient classification system in place, if not, whether ICE Detainees are placed in significant danger by not being classified; **(7)** if there is an adequate Grievance Process, if not, what relief is appropriate and what procedures need to be implemented; **(8)** is there an adequate Park County Detention Center ICE Detainee site specific handbook available, if not, what relief is necessary in order to remedy this issue; **(9)** is there an adequate system in place for Park County Staff, ICE Detainee and ICE Officer communication, if not, what action needs to be taken and which ICE Standard to be enforced or implemented; **(10)** is Park County failing to adhere to the standards for cloths and linens issuance and exchange, if so, what actions need to be taken to ensure that these standards are met: **(11)** does the Park County Detention Center

10

meet the minimum requirement with regards to recreation, if outdoor recreation does not meet the minimum requirements, can ICE Detainees be housed longer then 45 days at the Park County Detention Center; **(12)** is ICE Deportation Officers failure to conduct ICE Detainee File Custody Reviews within the required 90 removal period, a violation of the Detainees rights, if so, what action must be taken to remedy this violation.

The Courts may certify class actions despite the existence of factual differences or individual considerations from person to person. In *Senter*, which involved the certification of a class action alleging that an employer had engaged in a general pattern and practice of discriminating against minority employees in its promotions policy, the employer contended that the claim should not proceed as a class action because every promotional decision involves individual considerations, which would have to be examined by a court before a finding could be entered on the Title VII issue. *Senter, 532 F.2d at 523*.

The Court agreed that every decision to hire, fire, or discharge an employee may involve individual considerations, but "when that decision is made as part of class-wide discriminatory practices, courts bear a special responsibility to vindicate the policies of the Act regardless of the position of the individual plaintiff." Id. at 524.

The Court found that the commonality prerequisite was met when the common question presented by the class was whether the employer's promotional procedures resulted in discrimination against minority employees, despite the potential for individual considerations as to the specific members of the class. Id. *See also Sterling v. Velsicol Chem. Corp., 855 F.2d 1188, 1197 (6th Cir. 1988)* ("the mere fact that questions peculiar to each individual member of the class remain after the common questions of the defendant's liability have been resolved does not dictate the conclusion that a class action is impermissible"); *Putnam v. Davies, 169 F.R.D. 89, 93-94 (S.D. Ohio 1996)* (commonality requirement is

11

satisfied when the class has been affected by a general policy in the form of a statutory procedure, despite the fact that there are factual differences between the members of the class); *Huguley v. General Motors Corp.*, 638 F. Supp. 1301, 1303-04 (E.D. Mich. 1986) (court does not accept defendant's argument that class certification would create an unmanageable series of discrete cases when the putative class action presents the common question of whether defendant's performance appraisal system is racially discriminatory and the court found that anecdotal and statistical proof could illuminate the issue without requiring the separate examination of each class member).

### 3. Rule 23(a)(3): Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Together with the requirement of Rule 23(a)(4), that the representative party adequately protect the interests of the class, this typicality requirement focuses on the characteristics of the class representatives. *Newberg § 3:13*. The Sixth Circuit has adopted the characterization of the typicality requirement of a leading treatise, as follows:

> Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. *American Medical Systems*, 75 F.3d at 1082 (citing 1 *Herbert B. Newberg & Alba Conte, Newberg on Class Actions* § 3-13, at 3-76 (3d ed. 1992)

The Sixth Circuit in *Sprague* framed the typicality requirement succinctly: "as goes the claim of the named plaintiff, so go the claims of the class." *Sprague*, 133 F.3d at 399. The Court meant to suggest that typicality cannot be established when

a named plaintiff who proves his own claim would not necessarily have proved anyone else's claim. The Petitioner's assert that the named Petitioners' claims are typical of the claims of the class because they are or maybe housed at the Park County Detention Center and therefore would all be subject to the same Statutory and Constitutional violations as already suffered by the captioned Petitioners.

Because the class representatives have alleged that their injuries arise from the same policy that gives rise to the claims of the rest of the class, class certification is appropriate because the wrong they charge is the same wrong that they allege was levied against the class as a whole, their interests sufficiently align with the class members to achieve Rule 23(a)(3) typicality. Therefore Typicality is satisfied.

### 4. Rule 23(a)(4): Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Sixth Circuit has recognized that this adequacy of representation requirement encompasses two criteria: "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter, 532 F.2d at 525*.

The first criterion, that of common interest, essentially requires that there be no antagonism of interest or conflict of interest between the representative plaintiffs and the other members of the class they seek to represent. *See American Medical Systems, 75 F.3d at 1083*.

The second criterion inquires into the competency of counsel. The Sixth Circuit has observed that the adequacy of representation prerequisite overlaps with the typicality requirement because "in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members."

13

The Sixth Circuit has also noted that the adequacy of representation requirement is essential to due process because a final judgment in a class action is binding on all class members.

As to the first criterion, the Petitioner's assert that they have no antagonism of interest with the class members they represent because both, they and the class members, seek injunctive and declaratory relief as a result of defendant's allegedly unlawful practices. The Petitioner's argue that, given the identity of legal claims between the representatives and the class members, there is no potential for conflicting interests in this action.

Now looking at the second criterion, the Petitioner's note that though they are NOT currently represented by Counsel, they believe they have adequately demonstrated, in their Class Action Petition already filed before this Court, the adequacy that significant violations of the ICE Detention Standards by the Respondents, have taken place and will continue to take place. Therefore the Petitioner's requesting that this Honorable Court appoint them Interim Class Counsel, for discovery purposes, pending Certification of this Class Action, or until Class Counsel can be retained.

This Appointment of Interim Class Counsel is necessary so that substantial discovery can be conducted for the production of significant proof of the Petitioners claims. Accordingly, the Petitioner's will satisfy the second criterion of adequate representation upon appointment of Interim Class Counsel and or the retention of Class Counsel who will adequately represent them on their behalf.

## III CONCLUSION

As the Petitioners all further claim that they are able to comprehensively demonstrate to this Court that this Class Action Case has substantial merit and that the complexities and Administration of a Class Case of this magnitude warrants the appointment of Counsel by this Court in the interests of Justice so that the Petitioners may present there case on an equal standing to that of the Respondents.

The Petitioners as a whole have been detained and isolated by ICE Officers and detained at the Park County Detention Center in Fairplay, Colorado, the Petitioners categorically claim, thought they have been able to adequately represent the class to date, they have **NO** resources or Legal Training to be able to represent themselves in a case of this nature and complexity. The Petitioners also categorically claim that they collectively are **UNABLE** to finance a case of this nature due to their prolonged ICE Detention.

Finally as the Petitioners are very limited in their communication to the outside world including any **FREE** legal service providers as previously explained it is necessary to respectfully request this Honorable Court to Appoint Interim Class Counsel to represent them in this Class Action Case for Preliminary and Permanent Injunctive Relief to remedy the Petitioner's continued unlawful detention conditions at the Park County Detention Center by the Respondents.

## IV PRAYER FOR RELIEF

Plaintiff/Petitioner Jon Vaupel along with all the Captioned and Non Represented Petitioners present and future respectfully request and pray that his Honorable District Court **GRANT** the following relief:

1. Assume jurisdiction over this matter.
2. Grant the Petitioners requests for Reconsideration in this Courts order of November 8, 2006, and in doing so allowing all Petitioners to proceed with this case as a Class Action Petition for Preliminary Injunctive Relief,
3. Grant the Petitioners requests for Appointment of Interim Class Counsel for discovery purposes pending Class Certification by this Court or until the Petitioner's are able to obtain Pro Bono Class Counsel for the duration of these proceedings, whichever the Court deems fit, and
4. Grant the Petitioner's any other relief this Court deems as just and proper.

**WHEREFORE** the Plaintiff/Petitioner Jon Vaupel on behalf of all above Captioned Petitioners and ICE Detainees unrepresented, in the present and the future, who are and may be housed at the Park County Detention Center, respectfully requests and Prays that this Honorable District Court **GRANT** the Petitioners Motion for Reconsideration of its Order of November 8, 2006, and Appointment of Interim Class Counsel to represent the Petitioner's as a whole in this Class Action Petition for Preliminary and Permanent Injunctive Relief requiring the Respondents relocate the Petitioners back to the ICE Processing Detention Center in Aurora Colorado, pending the necessary changes at the Park County Detention Center so that it conforms to all ICE Detention Standards, and that the merits of this Class Case can be argued and hence conclusively proven to this Court that all required ICE Detention Standard have been met.

Dated this 14th Day of November, 2006,

Respectfully Submitted By,

*[signature]*

JON VAUPEL, Murphy Wamala,
Mario Jean-Baptiste, Le Man,
Hung Tran, Khalid Wahab, Tran Loi,
Stanley Harmon, Chinh Nguyen,
Alfredo Farinas-Perez, Igor Margatskiy,
Gerald Nkwanga, Francis Johnson,
Anerobi Ngwabe, O'Neil Stewart,
Gerald Remy, Riziki Temu, Jose Zamorano
Arben Kola, Rovey Morm, Benad Abiodun,
Franciso Banal-Martinez, Roy Berko and
Vakhom Xayamoungkhoun, Yemane Haile
Christopher Lukanga, and All Unknown
ICE Detainees present and future
(Hereinafter Petitioners)

Park County Detention Center
1180 County Road 16
P/O Box 965
Fairplay, Colorado 80440

# CERTIFICATE OF MAILING

I hereby certify that on this 14th day of November, 2006, a true and correct type written copy of the Petitioners **"Motion for Reconsideration of this Courts Order of November 8, 2006, and Motion for Appointment of Interim Counsel"** was mailed via U.S. Mail and properly addressed to:

## Respondents:

Alberto Gonzales
United States Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Michael J. Garcia – Secretary
Immigration & Customs Enforcement
U.S. Department of Homeland Security
Washington, D.C. 20528

Michael Chertoff
Secretary in Chief
United States
Department of Homeland Security
Washington, D.C. 20528

Douglas Maurer
Field Officer Director for Denver
Immigration & Customs Enforcement
4730 Paris Street
Denver, Colorado 80239.

## Park County Facility:

Frederick Wegener
Sheriff of Park County
Park County Detention Center
1180 County Road 16, P/O Box 965,
Fairplay, Colorado 80440.

Lt. Daniel Muldoon
Chief Administrator
Park County Detention Center
1180 County Road 16, P/O Box 965,
Fairplay, Colorado 80440.

## ICE Agency Counsel:

Douglas Bow, Esq.
U.S. Dept. of Homeland Security
District Counsel
4730 Paris Street
Denver, Colorado 80239.

Jon Vaupel – Representing all Petitioners
Park County Detention Center
P/O Box 965,
Fairplay, Colorado 80440
Phone (719) 836-4370

**CC:** Rebecca Walters – Pro Bono
American Bar Association
Washington D.C.

Rebecca Tramell – Chair Person
American Assoc. of Law Libraries
Chicago, Illinois

American Civil Liberties Union
National Prisons Project
Washington D.C.

Rocky Mountain Immigrant
Advocacy Network - Denver